# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| STACIE ELAINE EVANS, | * |
| Plaintiff, | * |
| v. | * CV 115-196 |
| STRAYER UNIVERSITY, | * |
| Defendant. | * |

# O R D E R

Plaintiff, proceeding pro se, accuses Defendant, her former employer, of racial discrimination, sexual discrimination, and retaliation — all potential violations of Title VII of the Civil Rights Act of 1964. Currently, the parties are engaged in a procedural dispute in which the Defendant has filed a motion to dismiss (doc. 7) and Plaintiff has filed a motion for default judgment (doc. 9). The motions present three procedural issues: (1) Is Plaintiff entitled to a Default Judgment under Rule 55?; (2) Did Plaintiff timely file her complaint in this Court?; and (3) Does Plaintiff's failure to properly serve Defendant warrant dismissal under Federal Rule of Civil Procedure 4(m) or 12(b)(5)? For the following reasons, the Court finds that Plaintiff is not entitled to a Default Judgment; Plaintiff did timely file her complaint; and Plaintiff's failure to properly

serve Defendant does not warrant dismissal — in this instance. Because the issues in dispute are procedural ones that depend heavily upon the filing dates of various documents, the Court briefly recounts the short history of this case.

## I. BACKGROUND

Plaintiff began her litigation by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC rejected her claim and mailed her a right-to-sue letter on September 10, 2015. (Doc. 1.) The notice contained explicit instructions informing Plaintiff that she had ninety days to file a complaint in state or federal court or else she would lose her right to sue. Plaintiff filed suit in this Court on December 14, 2015, ninety-five days after the EEOC mailed her notice. (Doc. 1.)

On December 15, 2015, this Court issued a detailed order explaining the basic rules of litigation and informing Plaintiff that she had ninety days to serve Defendant or risk dismissal of her case. (Doc. 5.) Plaintiff failed to properly serve Defendant within the ninety-day deadline. Thus, on April 21, 2016, this Court issued another order giving Plaintiff fourteen days to explain why she had not yet served Defendant. (Doc. 6.)

Also on April 21, Defendant moved to dismiss Plaintiff's complaint because Plaintiff had not timely served Defendant. (Doc. 7.) In its motion, Defendant admitted that Plaintiff had attempted to serve it on March 30, but had not done so properly.

On April 26, Plaintiff filed a "Response to Motion" that seemed to respond to the order this Court issued five days prior. (Doc. 8.) In her motion, Plaintiff alleged that nothing in the order issued December 15 stated that she had only ninety days to serve Defendant and that the Clerk's Office told her she had 120 days to effectuate service. Plaintiff made no mention of the fact that she had attempted to serve Defendant on March 30. On May 10, Plaintiff filed a motion for default judgment on the basis that Defendant failed to timely respond to her complaint. (Doc. 9.).

## II. DISCUSSION

### A. Plaintiff's Motion for Default Judgment

The Court first addresses Plaintiff's motion for default judgment. "Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default, the plaintiff can seek a default judgment." United States v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing Fed. R. Civ. P. 55). "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Id. (quoting Fed. R. Civ. P. 55(a)) (alteration in original).

Plaintiff is not entitled to a default judgment because she has not obtained an entry of default. Nor will she be able to obtain one, because Defendant has appeared in this case and attempted to defend. Thus, the Court denies Plaintiff's Motion for Default Judgment.

**B.  Defendant's Motion to Dismiss**

The Court now addresses Defendant's motion to dismiss. Defendant makes three arguments that it believes justify dismissal of Plaintiff's complaint. First, Defendant argues that Plaintiff's suit is time-barred because she failed to file suit within ninety days from the day she received her right-to-sue letter. Second, Defendant claims Rule 4(m) necessitates dismissal because Plaintiff failed to timely serve process without a showing of good cause. Third, Defendant maintains that Plaintiff's failure to timely serve process also warrants dismissal under Rule 12(b)(5). The Court finds none of Defendant's arguments persuasive.

First, contrary to Defendant's assertion, Plaintiff did timely file a complaint with this Court. Absent contrary evidence, this Court presumes the date of receipt to be three days after the EEOC mails a right-to-sue letter. <u>Kerr v. McDonald's Corp.</u>, 427 F.3d 947, 953 n.9 (11th Cir. 2005)("When the date of the receipt is in dispute, this court (sic) has applied a presumption of three days for receipt by mail . . . .")(citations omitted). Application of this rule puts the due date for

Plaintiff's complaint on December 12, 2015: a Saturday. Federal Rule of Civil Procedure 6(a)(1) states that if the due date is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, the proper due date for Plaintiff's complaint was Monday, December 15, 2015. Because Plaintiff filed her complaint on December 15, her complaint was timely.

Second, the Court is not obligated to dismiss Plaintiff's complaint because of untimely service. Federal Rule of Civil Procedure 4(m) gives the Court two options if a plaintiff fails to serve the defendant within ninety days. The Court <u>must</u> either "dismiss the action without prejudice against that defendant <u>or</u> order that service be made within a specified time." Fed. R. Civ. P. 4(m)(emphasis added). In this instance, the Court prefers the latter option. Additionally, because Plaintiff has additional time to properly serve Defendant, the Court denies as moot Defendant's 12(b)(5) argument.

The Court notes, however, that its patience with Plaintiff is not unlimited. While this Court grants some leniency to <u>pro se</u> litigants, Plaintiff must conform to procedural rules. <u>See Loren v. Sasser</u>, 309 F.3d 1296, 1304 (11th Cir. 2002). Plaintiff must also pay careful attention to this Court's instructions. Contrary to Plaintiff's assertion, this Court clearly instructed Plaintiff to serve Defendant within ninety days of the filing of her complaint. (Doc. 5 at 2 ("Plaintiff

must serve Defendant within ninety days from the date her complaint was filed, and failure to do so may result in the dismissal of Defendant or the entire case.").)  Plaintiff must serve Defendant and file evidence of service with the Court within fourteen days from the date of this order.  Failure to do so <u>will</u> result in dismissal of this case.

### III. CONCLUSION

For the reasons mentioned above, the Court **DENIES** both the Plaintiff's Motion for Default Judgment (doc. 9) and Defendant's Motion to Dismiss (doc. 7).  The Court **ORDERS** Plaintiff to properly serve Defendant in accordance with Federal Rule of Civil Procedure 4.  The Court further **ORDERS** Plaintiff to file notice with this Court of service of process within **14 DAYS** of the date of this Order.  If Plaintiff fails to properly serve Defendant and give notice within **14 DAYS** of this Order, the Court will dismiss Plaintiff's complaint and close this case.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of October, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA