IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
STACIE ELAINE EVANS,         *
                             *
     Plaintiff,              *
                             *
     v.                      *     CV 115-196
                             *
STRAYER UNIVERSITY,          *
                             *
     Defendant.              *
                             *
```

## O R D E R

Before the Court is Defendant's motion for summary judgment. (Doc. 30.) The present action concerns allegations by Plaintiff of sexual discrimination and retaliation by Defendant in violation of Title VII. Because Plaintiff has failed to present sufficient evidence to support her claims, the Court **GRANTS** Defendant's motion.

### I. BACKGROUND

Defendant is a private higher education institution with campuses located throughout the country. In February 2014, Defendant hired Plaintiff as a part-time Academic Assistant for its Augusta, Georgia campus location. As an Academic Assistant, Plaintiff would report directly to the campus dean, Dr. Culver. Plaintiff began work on March 3, 2014.

On June 9, 2014, Plaintiff emailed Stacy Reeder-Decker, Defendant's Employee Relations Specialist, to complain that Dr. Culver was harassing her and discriminating against her. Plaintiff claimed that "Dr. Culver: 1) expected her to perform her job duties without proper training and reprimanded her in front of staff and students; 2) waited for her outside of the restroom; 3) told her that she looked nice one day; 4) discussed her private life with other staff members; 5) counseled her on following the dress code and 6) asked her to look him in the eyes when he spoke to her." (Doc. 30-2, ¶ 14.) Ms. Reeder-Decker investigated Plaintiff's allegations but ultimately could not substantiate them.

On August 12, 2014, Defendant terminated Plaintiff's employment. Plaintiff alleges that Defendant terminated her in retaliation for her complaints to Ms. Reeder-Decker. But Defendant counters that Plaintiff's termination was part of a 2013 company-wide restructuring plan developed prior to Plaintiff's employment. As part of this plan "the Academic Assistant and the Admissions Coordinator positions would be consolidated into a new Campus Coordinator position," and "[t]he Academic Assistant position was to be phased out." (Doc. 30-2, ¶ 4.) Defendant notes that "[b]etween January 2014 and March 2015, each of [Defendant's] 52 Academic Assistant positions were eliminated." (Id. ¶ 5.) According to Defendant, "[i]n Georgia, the Part-Time Academic Assistant position was eliminated on

2

August 12, 2014" and "[t]he Full-Time Academic Assistant position was eliminated on . . . January 9, 2015." (Id. ¶ 6.)

On December 14, 2015, Plaintiff filed a complaint with this Court asserting claims of hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964. Defendant challenges both claims.

## II. Standard of Review

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the

3

Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because the standard for summary judgment mirrors that of a directed verdict, the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. at 323. When the movant does not carry the burden of proof at trial, it may satisfy its initial burden in one of two ways — by negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp., 477 U.S. 317). The movant cannot meet its initial burden by merely declaring that the non-moving party cannot meet its burden at trial. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presented evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir.

4

1993). If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of Court gave Plaintiff notice of the motion for summary judgment and informed her of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 31.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. DISCUSSION

**1. Hostile Work Environment**

To succeed with a hostile work environment claim, a plaintiff must demonstrate:

5

(1) that he or she belongs to a protected group; (2) that the employee has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on the sex of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010)(en banc).

Courts do not assess workplace conduct in isolation, but consider the evidence of harassment "both cumulatively and in the totality of the circumstances." Id. Additionally, "either severity or pervasiveness is sufficient to establish a violation of Title VII." Id. (emphasis in original). Thus, "[i]n evaluating allegedly discriminatory conduct, [courts] consider its frequency; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 808-09 (citations and quotations omitted).

When assessing hostile work environment claims, courts must remember that "not all objectionable conduct or language amounts to discrimination under Title VII." Id. at 809. Title VII "forbids only behavior so objectively offensive as to alter the conditions of the victim's employment." Id. Put succinctly, "Title VII is not a general civility code." Id.

Here, Plaintiff provides no evidence in any form (deposition testimony, affidavit, interrogatory answers, etc.) that she was "subject to unwelcome sexual harassment," that "[the] harassment must have been based on [her sex]," or "that the harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment." Reeves, 594 F.3d at 808. Thus, the Court finds that Plaintiff has failed to produce sufficient evidence for a jury to return a verdict in her favor, and Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.

## 2. Retaliation Claim

A claim for retaliation under Title VII that relies on circumstantial evidence follows the McDonnell Douglas burden-shifting analysis. Brown v. Ala. Dept. of Transp., 597 F.3d 1160, 1181 (11th Cir. 2010). Under the McDonnell Douglas framework, "[t]o make a prima facie case for retaliation, the plaintiff must show: 1) a statutorily protected expression; 2) an adverse employment action; 3) a causal link between the protected expression and the adverse action." Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999). If a plaintiff establishes a prima facie case, then the finder of fact must presume retaliation and the defendant has the burden to produce a legitimate reason for the adverse employment action. Id. "If the defendant offers legitimate reasons, the presumption of retaliation disappears," and the plaintiff must

show that the proffered reasons were merely pretext for retaliation. Id. If the plaintiff offers sufficient proof of pretext, she is entitled to a jury trial if she has provided enough evidence by which a rational jury could conclude the defendant retaliated against her. See Chapman v. AI Transport, 229 F.3d 1012, 1025 n.11 (11th Cir. 2000).

Plaintiff provides no evidence in any form (deposition testimony, affidavit, interrogatory answers, etc.) to support a causal link between her protected conduct and her termination. Thus, Plaintiff has failed to establish a prima facia case of retaliation. Accordingly, Plaintiff has failed to produce sufficient evidence for a jury to return a verdict in her favor, and Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## VI. CONCLUSION

"'[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Earley v. Champion Intern. Corp., 907 F.2d 1077, 1080 (11th Cir. 1990) (citing Celotex Corp., 477 U.S. at 322-23). "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept

its version of events." Johnson v. Cambridge Ind., Inc., 325 F.3d 892, 901 (7th Cir. 2003). Because Plaintiff provides <u>no</u> evidence to support her version of events, she has not shown that a reasonable jury could return a verdict in her favor. Thus, the Court **GRANTS** Defendant's motion for summary judgment. (Doc. 30). The Clerk **SHALL CLOSE** this case, **TERMINATE** all deadlines, and **ENTER JUDGMENT** in favor of Defendant and against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this 14th day of March, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA